UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
Caption in compliance with D.N.J. LBR 9004-2(c)

McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Virginia T. Shea, Esq.
40 West Ridgewood Avenue
Ridgewood, New Jersey 07450
Telephone: (201) 445-6722
Facsimile: (201) 445-5376
E-Mail: vshea@mdmc-law.com
*Counsel for Eric R. Perkins, Chapter 7 Trustee for the Bankruptcy Estate of Pro Construction Trades, Inc., d/b/a Premier Facility Services*

Order Filed on September 7, 2017 by Clerk U.S. Bankruptcy Court District of New Jersey

In re:

PRO CONSTRUCTION TRADES, INC. d/b/a Premier Facility Services,

Debtor.

Case No.: 16-30001 (JKS)

Chapter 7

Honorable John K. Sherwood, U.S.B.J.

**ORDER AUTHORIZING SALE OF 2013 AND 2014 LAND ROVERS TO INSIDER BRIAN D. TROAST FOR VALUE PURSUANT TO SECTIONS 363(b)(1) OF THE BANKRUPTCY CODE**

The relief set forth on the following pages numbered two (2) through four (4) are hereby **ORDERED**

**DATED: September 7, 2017**

Honorable John K. Sherwood
United States Bankruptcy Court

| | |
|---|---|
| Debtor: | Pro Construction Trades, Inc. d/b/a Premier Facility Services |
| Case No: | 16-30001 (JKS) |
| Caption of Order: | Order Authorizing Sale of Two Land Rovers to Insider Brian Troast for Value Pursuant to Section 363(b)(1) of the Bankruptcy Code |

This matter came before the Court on the Notices of Proposed Private Sale (the "Notices") of Eric R. Perkins, Esq. the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate') of Pro Construction Trades, Inc. d/b/a Premier Facility Services (the "Debtor"), by and through his counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, for Authorization Permitting the Sale of a 2013 Land Rover – Range Rover Wagon and a 2014 Land Rover –Range Rover Wagon (the "Land Rovers") to Brian D. Troast ("Troast"), an insider, for the sale price of $500.00 each vehicle, and objections to said Notices being filed by J.C. Office Interiors and JPMorgan Chase Bank, NA (and JPMorgan Chase having withdrawn its objection), and a response being filed by the Trustee (the "Response"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the relief requested by the Trustee is in the best interest of creditors and the estate; proper and sufficient notice of this Motion having been given; and the Court having determined that the legal and factual bases set forth in the Notices and the Response establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing:

**THE COURT HEREBY FINDS AND DETERMINES THAT:**[1]

A.  The Trustee proposes to sell the Land Rovers to Troast, an insider, for $500 each vehicle and for the assumption by Troast of the current liens on each vehicle.

B.  According to retail installment contracts for the Land Rovers, each vehicle is co-owned by the Debtor and Troast.

C.  Title to the Land Rovers was issued in the name of the Debtor only.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law as findings of fact where appropriate.

Debtor: Pro Construction Trades, Inc. d/b/a Premier Facility Services
Case No: 16-30001 (JKS)
Caption of Order: Order Authorizing Sale of Two Land Rovers to Insider Brian Troast for Value Pursuant to Section 363(b)(1) of the Bankruptcy Code

D. If the Trustee were to sell the Land Rovers to a buyer other than Troast, then the Trustee could be faced with litigation by Troast asserting an equitable ownership interest in the vehicles; and, as such, the Trustee has determined that the sale of the Land Rovers to Troast will constitute a savings to the Estate in potential litigation costs.

E. JPMorgan Chase Bank, N.A. financed the purchase of the 2013 Land Rover and claims to be owed $36,866.99, with a secured interest in the vehicle (Proof of Claim No. 20-1).

F. U.S. Bank National Association financed the purchase of the 2014 Land Rover and claims to be owed $52,906.52, with a secured interest in the vehicle. (Proof of Claim No. 1-1).

G. The estimated current value of each Land Rover is less than the amount of each lien on the vehicles.

H. Troast's offer to purchase each vehicle for $500 is subject to Troast's assumption of the current liens on each vehicle; that is, no more than $36,866.99 for the 2013 Land Rover and no more than $52,906.52 for the 2014 Land Rover.

I. The sale of the Land Rovers to Troast are for fair value.

J. The sale of the Land Rovers to Troast will relieve the Estate of a significant obligation; that is, the two liens on the vehicles.

K. There is no bad faith with respect to the Trustee's sale of the Land Rovers to Troast and the sale constitutes an arm's length transaction between the Trustee and Troast.

L. In the Trustee's business judgment, acceptance of Troast's offer is in the best interest of the unsecured creditors of the Estate, and, as such, it is the highest and best offer.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

Debtor: Pro Construction Trades, Inc. d/b/a Premier Facility Services
Case No: 16-30001 (JKS)
Caption of Order: Order Authorizing Sale of Two Land Rovers to Insider Brian Troast for Value Pursuant to Section 363(b)(1) of the Bankruptcy Code

1. All findings of fact and conclusions of law set forth above are incorporated herein by reference and the Trustee's application is granted in its entirety.

2. The Court hereby approves the sale of the Land Rovers to Troast for $500.00 each vehicle, in addition to Troast's assumption of the current lien of no more than $36,866.99 on the 2013 Land Rover and Troast's assumption of the current lien of no more than $52,906.52 on the 2014 Land Rover.

3. The current liens on the Land Rovers will remain in full force and effect until such liens are paid in full by Troast.