Gregg F. Paster & Associates
By: Gregg F. Paster (GP-0977)
530 Sylvan Avenue, Suite 201
Englewood Cliffs, New Jersey 07020
Tel: (201) 489-0078/Fax: 201-816-1522
gpaster@pasteresq.com
Attorneys for Debtors/Defendants, Brian and Suzanne Troast

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

In re:

PRO CONSTRUCTION TRADES, INC.    Chapter 7
D/B/A PREMIER FACILITIES SERVICES,

Debtor.    Case No. 16-30001(JKS)

| ERIC R. PERKINS, in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Pro Construction Trades, Inc. d/b/a Premier Facility Services,<br><br>Plaintiff,<br>vs.<br><br>BRIAN D. TROAST and SUZANNE C. TROAST,<br><br>Defendants. | Adversary Proc. No. 18-1496-JKS<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |
|---|---|

Defendants, Brian Troast and Suzanne Troast, defendants in the above-captioned action, and both residents of the County of Bergen and State of New Jersey, by and through counsel, in answer to Plaintiff's Complaint to Avoid and Recover Transfers and to Disallow Claims, say:

<u>JURISDICTION AND VENUE</u>

1. Defendants admit the allegations make in paragraph one of the Complaint.
2. Defendants admit the allegations made in paragraph two of the Complaint.
3. Defendants admit the allegations made in paragraph three of the Complaint.

4. Defendants deny the allegations made in paragraph four of the Complaint.

## BACKGROUND AND PARTIES

1. Defendants admit the allegations made in paragraph one of Background and Parties of the Complaint.

2. Defendants admit the allegations made in paragraph two of Background and Parties of the Complaint.

3. Defendants admit the allegations made in paragraph three of Background and Parties of the Complaint.

4. Defendants admit the allegations made in paragraph four of Background and Parties of the Complaint.

5. Defendants admit the allegations made in paragraph five of Background and Parties of the Complaint.

6. Defendants admit the allegations made in paragraph six of Background and Parties of the Complaint.

7. Defendants admit the allegations made in paragraph seven of Background and Parties of the Complaint as to Brian Troast but deny the allegations as to Suzanne Troast and leave Plaintiff to its proofs.

## GENERAL ALLEGATIONS

8. Defendants deny the allegations made in paragraph eight of the Complaint and leave Plaintiff to its proofs.

9. Defendants admit that Wyndham filed a proof of claim 13-1, but deny the remaining allegations made in paragraph nine of the Complaint and leave Plaintiff to its proofs.

10. Defendants admit that Realogy filed a proof of claim 15-1, but deny the remaining allegations made in paragraph ten of the Complaint and leave Plaintiff to its proofs.

11. Defendants lack sufficient information to admit or deny the allegations made in paragraph eleven of the Complaint and leave Plaintiff to its proofs.

12. Defendants lack sufficient information to admit or deny the allegations made in paragraph twelve of the Complaint and leave Plaintiff to its proofs.

13. Defendants deny the allegations made in paragraph thirteen of the Complaint and leave Plaintiff to its proofs.

14. Defendants deny the allegations made in paragraph fourteen of the Complaint and leave Plaintiff to its proofs.

15. Defendants deny the allegations made in paragraph fifteen of the Complaint and leave Plaintiff to its proofs.

16. Defendants deny the allegations made in paragraph sixteen of the Complaint and leave Plaintiff to its proofs.

17. Defendants deny the allegations made in paragraph seventeen of the Complaint, except that an insurance payment was inadvertently made from the Debtor's account for a homeowner's insurance policy, and leave Plaintiff to its proofs.

18. Defendants lack sufficient information to admit or deny the allegations made in paragraph eighteen of the Complaint and leave Plaintiff to its proofs.

**COUNT I**
Avoidance of Preferential Transfers – 11 U.S.C. 547

19. Defendants repeat their answers to the allegations made in paragraph one through eighteen as if fully set forth herein.

20. Defendants deny the allegations made in paragraph twenty of the Complaint and leave Plaintiff to its proofs.

21. Defendants deny the allegations made in paragraph twenty-one of the Complaint and leave Plaintiff to its proofs.

22. Defendants admit the allegations made in paragraph twenty-two of the Complaint and leave Plaintiff to its proofs.

23. Defendants deny the allegations made in paragraph twenty-three of the Complaint and leave Plaintiff to its proofs.

24. Defendants deny the allegations made in paragraph twenty-four of the Complaint and leave Plaintiff to its proofs.

25. Defendants deny the allegations made in paragraph twenty-five of the Complaint and leave Plaintiff to its proofs.

26. Defendants deny the allegations made in paragraph twenty-six of the Complaint and leave Plaintiff to its proofs.

27. Defendants deny the allegations made in paragraph twenty-seven of the Complaint and leave Plaintiff to its proofs.

28. Defendants deny the allegations made in paragraph twenty-eight of the Complaint and leave Plaintiff to its proofs.

29. Defendants deny the allegations made in paragraph twenty-nine of the Complaint and leave Plaintiff to its proofs.

**WHEREFORE,** Defendants respectfully demand judgment be entered dismissing the complaint, and for attorney's fees and costs of suit, and for any other relief deemed just and proper by the Court.

## COUNT II
## Avoidance of Fraudulent Transfers Under 548

30. Defendants repeat their answers to the allegations made in paragraph one through twenty-nine as if fully set forth herein.

31. Defendants deny the allegations made in paragraph thirty of the Complaint and leave Plaintiff to its proofs.

32. Defendants deny the allegations made in paragraph thirty-one subsections A-D of the Complaint and leave Plaintiff to its proofs.

**WHEREFORE,** Defendants respectfully demand judgment be entered dismissing the complaint, and for attorney's fees and costs of suit, and for any other relief deemed just and proper by the Court.

## COUNT III
## Avoidance of Post-Petition Transfers Under 11 U.S.C. 549

33. Defendants repeat their answers to the allegations made in paragraph one through thirty-three as if fully set forth herein.

34. Defendants deny the allegations made in paragraph thirty-four of the Complaint and leave Plaintiff to its proofs.

35. Defendants deny the allegations made in paragraph thirty-five of the Complaint and leave Plaintiff to its proofs.

**WHEREFORE,** Defendants respectfully demand judgment be entered dismissing the complaint, and for attorney's fees and costs of suit, and for any other relief deemed just and proper by the Court.

## COUNT IV
## Recovery of Property under 11 U.S.C. 550

36. Defendants repeat their answers to the allegations made in paragraph one through thirty-five as if fully set forth herein.

37. Defendants deny the allegations made in paragraph thirty-seven of the Complaint and leave Plaintiff to its proofs.

38. Defendants deny the allegations made in paragraph thirty-eight of the Complaint and leave Plaintiff to its proofs.

39. Defendants deny the allegations made in paragraph thirty-nine of the Complaint and leave Plaintiff to its proofs.

**WHEREFORE,** Defendants respectfully demand judgment be entered dismissing the complaint, and for attorney's fees and costs of suit, and for any other relief deemed just and proper by the Court.

## COUNT V
## Disallowance of Claims – 11 U.S.C. 502 (d)

40. Defendants deny the allegations made in paragraph one through thirty-nine as if fully set forth herein.

41. Defendants deny the allegations made in paragraph forty one of the Complaint and leave Plaintiff to its proofs.

42. Defendants deny the allegations made in paragraph forty-two of the Complaint and leave Plaintiff to its proofs.

**WHEREFORE,** Defendants respectfully demand judgment be entered dismissing the complaint, and for attorney's fees and costs of suit, and for any other relief deemed just and proper by the Court.

## **AFFIRMATIVE DEFENSES**

1. The complaint fails to state a cause of action upon which relief may be granted.

2. The complaint of the Plaintiff is barred by the applicable Statute of Limitations.

3. The Plaintiff's Complaint is barred by virtue of lack of in personam jurisdiction and insufficiency of process upon the Defendants.

4. Plaintiff lacks privity of contract with Defendants.

5. The Complaint is barred by the Doctrines of Laches, Estoppel, Waiver and Unclean Hands.

6. Any damages suffered by the Plaintiff were the result of the actions of Third Parties over which these Defendants had no control.

7. The Complaint is barred for lack of consideration.

8. The Complaint is barred due to an accord and satisfaction between the parties.

9. The Complaint must be dismissed for failure to name an indispensible party according to the Entire Controversy Doctrine.

10. The Defendants lacked the necessary intent to act as alleged in the Complaint.

GREGG F. PASTER & ASSOCIATES

s/ Gregg F. Paster                              Dated: November 1, 2018
BY: GREGG F. PASTER
Attorney for Defendants, Brian and Suzanne Troast,
Husband and Wife