Order Filed on January 10, 2019
by Clerk U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
Caption in compliance with D.N.J. LBR 9004-1

MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Virginia T. Shea, Esq.
1300 Mount Kemble Avenue
Morristown, NJ 07962
(973) 993-8100
Fax: (973) 425-0161
E-Mail:  vshea@mdmc-law.com
*Attorneys for Eric R. Perkins, Chapter 7 Trustee
for the Bankruptcy Estate of Pro Construction
Trades, Inc. d/b/a Premier Facility Services*

In re:

PRO CONSTRUCTION TRADES, INC. D/B/A
PREMIER FACILITY SERVICES,

Debtor.

Chapter 7

Case No. 16-30001 (JKS)

Honorable John K. Sherwood U.S.B.J.

Motion Date: January 8, 2019

## ORDER APPROVING SETTLEMENT PURSUANT TO FED. R. BANKR. P. 9019

The relief set forth on the following pages, numbered two (2) through three (3), is hereby ORDERED.

**DATED: January 10, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

| | |
|---|---|
| DEBTORS: | Pro Construction Trades, Inc. d/b/a Premier Facility Services |
| CASE NO.: | 16-30001 (JKS) |
| CAPTION OF ORDER: | Order Approving Settlement Pursuant to Fed. R. Bankr. P. 9019 |

THIS MATTER coming before the Court upon the Motion of Eric R. Perkins, Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estate of Pro Construction Trades, Inc. d/b/a Premier Facility Services (the "Debtor"), for an Order Approving Settlement with Accounting Principals, Inc., Pursuant to Fed. R. Bankr. P. 9019 (the "Motion"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), that notice of the Motion as it pertains to the entry of this Order was good and sufficient under the circumstances and that no other or further notice need be given with respect to entry of this Order; and the Court having reviewed the Motion and any objections thereto, and having heard the arguments of counsel in support of the relief requested at a hearing before the Court, if any; and it appearing that entry of this Order is in the best interest of the Debtor and its estate, creditors and other stakeholders; and upon the Motion and the record of the Hearing; and after due deliberation and good cause appearing therefore,

IT IS HEREBY FOUND AND DETERMINED THAT:

1. The Trustee has articulated good and sufficient business reasons to support this Court's entry of an Order Approving Settlement Pursuant to Fed. R. Bankr. P. 9019.

2. The Settlement Agreement, a copy of which is attached hereto as Exhibit "A," provides that in settlement of the Trustee's claims against Accounting Principals, Inc. for a purported preference transfer in the amount of $6,454.00, Accounting Principals, Inc. shall pay the Trustee $3,500.00.

3. The entry of this Order is in the best interest of the Debtor and its estate, creditors and

| | |
|---|---|
| DEBTORS: | Pro Construction Trades, Inc. d/b/a Premier Facility Services |
| CASE NO.: | 16-30001 (JKS) |
| CAPTION OF ORDER: | Order Approving Settlement Pursuant to Fed. R. Bankr. P. 9019 |

other stakeholders.

**IT IS THEREFORE:**

    **ORDERED** that the Motion be and is hereby **GRANTED** in its entirety; and it is further

    **ORDERED** that the Settlement Agreement and Mutual Release by and between the Trustee and Accounting Principals, Inc., annexed hereto as **Exhibit "A"**, be and is hereby approved; and it is further

    **ORDERED** that a copy of this Order be served upon all interested parties within seven (7) days from the date hereof; and it is further

    **ORDERED** that the Trustee be, and is hereby authorized and empowered to take such steps and to perform such acts as may be necessary to implement and effectuate the terms of the Settlement Agreement; and it is further

    **ORDERED** that the Court shall retain jurisdiction over any matter or dispute arising from or relating to the Settlement Agreement and/or implementation of this Order; and it is further

    **ORDERED** that this Order is effective immediately upon entry.

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>PRO CONSTRUCTION TRADES, INC. D/B/A PREMIER FACILITY SERVICES,<br><br>Debtor. | Chapter 7<br><br>Case No. 16-30001 (JKS)<br><br>Honorable John K. Sherwood U.S.B.J. |

### SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Settlement Agreement") is entered into by and between Eric Perkins (the "Trustee"), in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Pro Construction Trades, Inc. d/b/a/ Premier Facility Services (the "Debtor"), and Accounting Principals, Inc. ("Accounting Principals" and together with the Trustee, the "Parties") with reference to the following facts and recitals:

WHEREAS, on October 19, 2016 (the "Petition Date") the Debtor filed a petition for relief pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey ("the Bankruptcy Court") which case was assigned Case No: 16-30001 (JKS); and

WHEREAS on May 1, 2017 (the "Conversion Date"), the Court entered an order converting the Debtor's bankruptcy case from chapter 11 to chapter 7; and

WHEREAS on or about May 4, 2017, Eric R. Perkins was appointed the chapter 7 Trustee (the "Trustee") for the Debtor's Estate (the "Estate"); and

WHEREAS, the Trustee and/or his accountants have analyzed the Debtor's available records, and those records indicate that in the 90 days preceding the commencement of the Bankruptcy Case, Accounting Principals received that certain transfer of funds in the amount of $6,545.00 that is avoidable pursuant to section(s) 547 and/or 549 of the Bankruptcy Code and recoverable pursuant to section 550 of the Bankruptcy Code (the "Transfer"); and

WHEREAS, the Trustee has made demand upon Accounting Principals to return the Transfer, and Accounting Principals has denied any liability with respect to the Transfer, and/or has asserted various defenses to the Trustee's ability to avoid and recover the Transfer; and

WHEREAS, in order to avoid the potential costs, risks, and delay of litigation, the Parties have determined to resolve their disputes relating to the Transfer on the terms and subject to the conditions set forth in this Settlement Agreement;

NOW, THEREFORE, the Parties intending to be legally bound, and for good and valuable consideration the receipt of which is hereby acknowledged, agree as follows:

1. The recitals set forth in the "Whereas" clauses above are incorporated herein by reference.

2. In consideration for signing this Settlement Agreement and the fulfillment of the promises herein, Accounting Principals will pay Three Thousand Five Hundred and no/100 Dollars ($3,500.00) (the "Settlement Payment"). The Settlement Payment shall be made in the following manner: by check drawn payable to "Eric R. Perkins, chapter 7 Trustee for the Bankruptcy Estate of Pro Construction Trades, Inc., d/b/a Premier Facility Services" delivered to the Trustee's counsel, McElroy Deutsch Mulvaney & Carpenter, 570 Broad Street, Suite 1500, Newark, NJ 07102. The Trustee shall hold the Settlement Payment in escrow subject to paragraph 3.

3. Within seven (7) days of the execution of this Agreement and receipt of the Settlement Payment, the Trustee will file with the Bankruptcy Court a motion to approve the settlement hereunder. Upon the date on which the Bankruptcy Court order approving this Agreement becomes a final order (*i.e.*, an order that is no longer subject to any appeal or review and as to which no stay of effectiveness or enforcement is in force) (the "Final Order"), this Agreement shall be approved, with each party to bear its own costs and fees. The Parties agree that if this Agreement is not approved by the Bankruptcy Court, this Agreement shall be null and void and made without prejudice to either Party. In the event that the Agreement is not approved by the Bankruptcy Court, the Trustee shall refund the Settlement Amount to Defendants within seven (7) days of the Bankruptcy Court's entry of an order denying the motion to approve this Agreement.

4. Accounting Principals shall be forever barred, estopped, and enjoined from filing a proof of claim or requesting payment in the form of an administrative claim in the Debtor's

2

case. Any proofs of claim filed by Accounting Principals shall be barred from participation in any distribution to creditors.

5. Upon full and final payment of the Settlement Amount to the Trustee, the Trustee on behalf of the Estate on the one hand, and Accounting Principals on the other hand, in respect of the mutual promises and other consideration recited in this Settlement Agreement, hereby release each other and their respective predecessors in interest, successors, shareholders, directors, officers, employees, agents, attorneys and assigns (collectively, the "Released Parties") of any and all obligations, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, arising out of, by reason of, or relating to the Transfer, including but not limited to any claims under Section 502(h) of the Bankruptcy Code, provided, however, that nothing in this release shall be deemed to waive, release, or discharge any obligation arising out of this Settlement Agreement.

6. Each Party represents and warrants that it owns, and has not assigned or otherwise transferred to any other person or entity, all such Party's rights and claims as are being altered or otherwise affected by this Settlement Agreement.

7. The Parties acknowledge that this Settlement Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

3

8. The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives, or attorneys, with regard to the subject matter, basis, or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

9. The Parties further declare that, in making this Settlement Agreement, they have relied entirely upon their own judgment, beliefs, and the advice of their counsel (for whose expense each shall be solely responsible), if any, and that they have had a reasonable period of time to consider this Settlement Agreement and, if so desired, to consult with counsel.

10. The Parties agree that each Party and its counsel (if applicable) have reviewed this Settlement Agreement, and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

11. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the Parties.

12. Should any provision(s) of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, and/or unenforceable, then the legality, validity, and/or enforceability of the remaining parts, terms, and/or provisions shall not be affected thereby, and said illegal, unenforceable, and/or invalid part, term, and/or provision shall be deemed not to be a part of this Settlement Agreement.

13. This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

14. No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

15. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors, administrators, and assigns.

16. This Settlement Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of new Jersey, without regard to the conflict of laws principles of the State of New Jersey. Each of the Parties hereby irrevocably consents to the jurisdiction of the Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum.

17. This Settlement Agreement may be executed in one or more counterparts, including by email or facsimile, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

18. Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party and to bind his/her respective clients and/or parties to the terms and conditions of this Settlement Agreement.

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement.

_____
Steven Rebidas
Director, Client Services &
Credit Administration
Accounting Principals, Inc.

Dated: 10/18, 2018

_____
Eric R. Perkins
Chapter 7 Trustee

*Trustee*

Dated: 5 November, 2018

6